**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

LONZO LAWSON and JAMES LAWSON, )
)
        Plaintiffs, )
)
vs. )    Case No. CIV-06-151-S
)
STATE OF OKLAHOMA and STEVEN )
FIORETTI, individually and in his )
Capacity as District Attorney )
Drug Task Force Agent, )
)
        Defendants. )

**ORDER**

Before the court for its consideration is a Motion to Dismiss filed by the defendants state of Oklahoma and Steven Fioretti. The court grants the motion for the following reasons.

Plaintiffs allege that on or about October 3, 2003, their vehicles and personal possessions were confiscated by employees of the Haskell County Sheriff's Office. Plaintiffs originally filed a lawsuit concerning the confiscation of their personal property on June 7, 2004. It concerned the same plaintiffs and defendants as are in the current case. On April 21, 2005, plaintiffs' first complaint was dismissed pursuant to Federal Rule of Civil Procedure 41. On April 19, 2006, plaintiffs filed the current complaint. The April 19, 2006 Complaint is identical to the one filed by plaintiffs on June 7, 2004.

On May 18, 2006, defendants state of Oklahoma and Steven Fioretti filed a motion to dismiss. In that motion, defendant state of Oklahoma argued that it was entitled to Eleventh

1

Amendment immunity and the defendant Fioretti argued he was entitled to qualified immunity.  Plaintiffs failed to respond to the motion in the requisite amount of time.  As a result, on June 9, 2006, this court entered a show cause order requiring the plaintiffs to respond by June 16, 2006,  to said motion.  Plaintiffs still failed to respond.  Accordingly, the court deems the motion confessed.  However, the court will also address the motion on its merits.

The state of Oklahoma has argued that it is entitled to Eleventh Amendment immunity. This court agrees.  First, it is important to note the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979) (citation omitted). Second, there is no indication in the record, that the state of Oklahoma waived its Eleventh Amendment immunity in this case.  Thus, the defendant state of Oklahoma is entitled to Eleventh Amendment immunity.

Further, in Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) the United States Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Thus, the state of Oklahoma and the defendant Steven Fioretti in his official capacity are not appropriate parties in this lawsuit. Because the Supreme Court's precedent in Will mandates that this court conclude that neither the state of Oklahoma nor Steven Fioretti, acting in his "official capacity," qualify as "persons" under § 1983, this court dismisses these two parties from this lawsuit on those grounds.

The defendant Fioretti has been sued in his individual

capacity. However, he could be immune from liability if he did not violate a "clearly established, statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818-819 (1982). The affirmative defense of qualified immunity is available to all government officials. Harlow at 807-808. This immunity is an immunity from suit and not merely a defense to liability. Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 644 (10th Cir. 1988). The question of whether a defendant is entitled to qualified immunity is a legal question for the court. Pueblo Neighborhood Health Centers at 646. The test the court must apply is an objective one which inquires into the objective reasonableness of the official's actions. Harlow at 818. Government officials performing discretionary functions will not be held liable for their conduct unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known". Id. at 818. In this context, the law to be examined is the law existing at the time of the official's actions. Id.

It is the plaintiffs' burden to show that the law was clearly established. Lutz v. Weld County School Dist., 784 F.2d 340, 342-343 (10th Cir. 1986) and Coen v. Runner, 854 F.2d 374, 377 (10th Cir. 1988). This Circuit has stated "the test of what is 'clearly established law' should be determined in a particularized sense, that is, that the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right'". Garrett v. Rader, 831 F.2d 202, 204 (10th Cir. 1987), citing Anderson v. Creighton, 483 U.S. 635, 640 (1987). The rule for evaluating the factual correspondence between the established law and the case at hand, is one "requiring some but not precise factual

3

correspondence and demanding that officials apply general, well-developed legal principles". Garcia v. Miera, 817 F.2d 650, 657 (10th Cir. 1987), cert. denied, 485 U.S. 959 (1988). Plaintiffs must establish the Sheriff was deliberately indifferent to plaintiffs' rights by knowing the risk to plaintiffs and knowingly disregarding that risk. Lewis v. Richards, 107 F.3d 549, 552 (7th Cir. 1997).

Plaintiffs allege that defendant Fioretti violated their constitutional rights by wrongfully confiscating the possessions and personal property of plaintiffs. It is undisputed that these items were confiscated pursuant to a valid search warrant. Thus, the court finds that plaintiffs have failed to show that the defendant Fioretti's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known. To the contrary, the uncontroverted facts show the defendant Fioretti acted within well recognized and established law concerning plaintiffs. Thus, the court finds the defendant Fioretti is entitled to qualified immunity in that his conduct did not violate the clearly established law or constitutional rights concerning search warrants. Mitchell v. Forsyth, 472 U.S. 511 (1985). Accordingly, the court grants the defendant Fioretti's motion to dismiss in his individual capacity as it relates to the issue of qualified immunity.

**IT IS SO ORDERED** this 14th day of July, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma